## FRANK LUTKEVICZ'S APPEAL FROM LIQUOR CONTROL COMMISSION

Superior Court        Hartford County        File No. 64411

MEMORANDUM FILED NOVEMBER 12, 1941.

*Charles E. Mahoney*, of Hartford, for the Appellant.

*Francis A. Pallotti*, Attorney General, and *Leo V. Gaffney*, Assistant Attorney General, for the Appellee.

BALDWIN, J.   The appellant was engaged in business at 103 Poquonock Avenue in Windsor under a restaurant beer permit issued by the Liquor Control Commission.   About midnight on October 11, 1940, a state police officer and an inspector for the commission visited the appellant's premises. As a result of incidents which occurred and the investigation of the inspector and the state police officer the appellant was arrested and presented in the local court, where he was found guilty on November 12, 1940, of a violation of section 977e of the 1939 Supplement to the General Statutes, the charge being employing a minor in a tavern.   Upon being found guilty of this charge the court imposed a fine of $100 and costs.   From this judgment he took an appeal to this court.

On November 14, 1940, the commission held a hearing on the revocation of appellant's restaurant beer permit, which had been issued June 14, 1940, and on that day, according to a certified copy of the transcript of the evidence before the commission and of its finding, the appellant (the permittee) was found by the commission "an unsuitable person by reason of violation of section 977e of the 1939 Supplement to the General Statutes."

From the "finding of fact" of the commission the following finding appears to be the basis for its finding that the permittee was an unsuitable person by reason of violation of section 977e, viz.: "A boy aged seventeen was working on the premises."   This referred to the night of October 11th and morning of October 12, 1940, and no other reason is, in this record, given for finding the appellant an unsuitable person.

The day following the hearing, November 15, 1940, counsel

for the permittee was advised by letter that the permit of the appellant had been revoked because of a violation of the section referred to and for other reasons assigned in the letter.

The reasons assigned in the letter other than the claimed violation of section 977e are not included or referred to in the certified copy of the record of the finding of the commission nor do I find in the transcript of the evidence before the commission any evidence of any violation of the provisions referred to in the letter.

Upon the appellant's appeal to this court from the judgment of the local court in Windsor finding him guilty of employing a minor in his tavern in violation of section 977e he was found not to have employed a minor within the meaning and intent of the statute and was found by this court not guilty of the offense and was discharged.

The finding of the commission and its order revoking appellant's permit was arbitrary and in abuse of its discretion and illegal. The appellant is a suitable person to hold a permit within the class of the permit which was revoked and judgment may enter for the appellant in accordance herewith.